609 P.2d 1098

William Edward JARAMILLO and Lynette Elaine Jaramillo, husband and wife, in their Individual and representative capacities as guardian ad litem for Shemaine Jaramillo, a minor, and Todd L. Jaramillo, a minor, Plaintiffs/Appellants,

v.

CHAMPAGNE POOLS OF ARIZONA, INC., an Arizona Corporation, James Marsio and Jane Doe Marsio, husband and wife, Defendants/Appellees.

No. 2 CA–CIV 3470.

Court of Appeals of Arizona, Division 2.

April 9, 1980.

Lawrence E. Condit, Tucson, for plaintiffs/appellants.

Thikoll, Johnston & Rosen by Gary S. Grynkewich, Tucson, for defendants/appellees.

## OPINION

HOWARD, Judge.

Appellants are contesting the trial court's granting of a motion to dismiss their claim. We find no error and affirm.

Appellants filed a nine-count complaint against appellees arising out of an April 26, 1978, contract which called for appellees to construct a swimming pool and block wall on appellants' property. Appellants' complaint alleged breach of contract in not completing the work within a given period of time, thereby causing damage to appellants and their children; breach of warranty; negligence in not completing the construction within a given period of time; fraud and committing a deceptive practice in violation of A.R.S. Sec. 44–1522; and demanded attorney's fees.

The motion to dismiss, treated by the court as a motion for summary judgment, attached as an exhibit an agreement entered into by the parties on January 31, 1979, which states in part:

"WHEREAS, divers disputes exist between the parties in connection with the construction by CHAMPAGNE of a swimming pool and wall; and

WHEREAS, the parties wish to compose, settle and compromise said dispute with respect to said wall;

NOW, THEREFORE, in consideration of the foregoing and of the mutual covenants herein contained, it is agreed as follows:

1. While the contract calls for a six (6) foot wall, CHAMPAGNE agrees to provide and pay for any additional block required to make it a horizontally level wall, with a height of six (6) feet, as previously agreed upon. That is to say, said wall shall be no less than six (6) feet in height at any point along its length.

2. CHAMPAGNE will use new slump-block.

3. The existing wall will be completely removed and a new wall erected at the sole expense of CHAMPAGNE."

Appellants argue that since the January 31, 1979, contract only called for appellees to perform acts they were already obligated to perform under the April 26, 1978, contract, the subsequent agreement failed for lack of consideration. This is not correct. The original contract called for appellees to construct a 164-foot-by-6-foot slump block wall whereas the later agreement provides "[w]hile the contract calls for a six (6) foot wall, CHAMPAGNE agrees to provide and pay for any additional block required to make it a horizontally level wall, with a height of six (6) feet, as previously agreed upon. That is to say, said wall shall be no less than six (6) feet in height at any point along its length."

The subsequent agreement provided that appellees would use new slump block and, at its expense, remove the existing wall and replace it with a new one.[1] They were not previously under an obligation to do this. Appellants maintained that the original wall was constructed in an unworkmanlike manner. Appellees gave up their right to have a court find that the work was "workmanlike" and instead promised to construct a new wall. Their action was consideration for appellants' promise to compromise any claim regarding the pool and wall. It is clear that the type of wall in the first contract differed from that agreed to in the second. In the first, the wall just had to be six feet at any point whereas in the second, it had to be at least six feet high at any point and horizontally level. Appellees agreed to perform additionally in the second contract and their promise was consideration for the compromise.

17 Am.Jur.2d Contracts, Sec. 461 at 927–28 (1964) states in part:

---

1. The dispute was solely about the wall and no argument is made that the January 31, 1979, agreement compromised only the wall and not the pool.

"Any new agreement between the parties to an existing executory contract, made in substitution or modification of the elder compact and bilateral in benefit or burden, has, like the primary contract, a sufficient consideration in the mutual advantages or obligations which it confers or imposes. So, the mutual agreement of the parties to a bilateral executory contract, before a breach thereof, to abrogate and discharge it and to substitute in its stead a new contract conferring new advantages or imposing new burdens on both constitutes a sufficient consideration to support the substituted contract. A compromise of the differences arising out of a contract and a mutual agreement to rescind such contract and to enter into a new one embodying the compromise constitute a sufficient consideration to support the new contract. Where an agreement amounts to a waiver or discharge of mutual stipulations in a contract, either in whole or in part, the discharge of each by the other from the obligations of the contract may furnish a sufficient consideration. However, it is generally held that there is insufficient consideration in the absence of such reciprocity of consideration. Each party must gain or lose something by the change. If the benefit or detriment is unilateral, a consideration is lacking, for it is a well-established legal principle that doing or undertaking to do only that which one is already under a legal obligation to do by his contract is no consideration for another's agreement to do what he is not already under a legal obligation to do."

The subsequent agreement of the parties settled whatever claim appellants might have had against appellees. There was consideration to support the compromise of the alleged claim.

Appellees' request for attorney's fees is denied.

Affirmed.

HATHAWAY, C. J., and RICHMOND, J., concur.